IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| JOVAN WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. C17-2001-LRR |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WATERLOO, WATERLOO POLICE OFFICERS THOMAS FREIN, MARK NISSEN, and AS-YET UNKNOWN WATERLOO POLICE OFFICERS, | ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, JOVAN WEBB, complains of Defendants CITY OF WATERLOO, WATERLOO POLICE OFFICERS THOMAS FREIN, MARK NISSEN, and other AS-YET UNKNOWN WATERLOO POLICE OFFICERS, as follows:

### Introduction

1. Jovan Webb was shot five times by the Defendants without any lawful justification. At the time of the shooting, Mr. Webb posed no threat to anyone.

2. To cover up the unjustified shooting, the Defendants falsely claimed that Mr. Webb had threatened the life of a police officer with his car. But unbeknownst to the Defendants, the shooting was captured on video by a security camera. The video shows the Defendants shooting Mr. Webb without justification, as Mr. Webb posed no danger to anyone, much less a reasonable fear of death or great bodily injury.

3. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

4. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in Black Hawk County, Defendant City of Waterloo is a municipal corporation in Black Hawk County, and the events giving rise to the claims asserted herein all occurred within this district.

## Parties

6. Plaintiff Jovan Webb is a resident of the City of Waterloo.

7. Defendants Thomas Frein and Mark Nissen were Waterloo police officers at all times relevant to this action, acting under color of law and within the scope of their employment as Waterloo police officers.

8. The City of Waterloo is an Iowa municipal corporation with its principal place of business in Waterloo, Iowa.

## Facts

9. On April 5, 2015, Jovan Webb and a friend went to the New World Bar and Grill at 504 Riehl Street in Waterloo, Iowa.

10. While Mr. Webb was at the New World Bar and Grill, a disturbance began among persons unknown to Mr. Webb.

11. Mr. Webb exited the New World Bar and Grill and watched as the disturbance continued outside across the street.

12. Mr. Webb walked to his car to leave.

13. Soon after getting into his car, Defendant Nissen, who was wearing civilian clothes, knocked on the driver's side window of Mr. Webb's car with a hard black object.

14. On information and belief, Nissen singled out Mr. Webb and knocked on his car window solely because of Mr. Webb's race—Mr. Webb was doing nothing unlawful when Defendant Nissen banged on Mr. Webb's window.

15. Mr. Webb pulled out of his parking spot to get away from Nissen, who he did not know and could not see was a police officer.

16. Nissen chased after Mr. Webb as he was pulling out of the parking lot.

17. Running alongside the passenger side of Mr. Webb's car and to the front of the car, Defendant Nissen fired multiple shots from a firearm into Mr. Webb's car.

18. Defendant Frien also fired into Mr. Webb's car from behind.

19. Mr. Webb posed no risk to anyone when Defendants Frein and Nissen shot him, and video evidence shows Mr. Webb braking his car when a man stepped in front of his car to stop him from leaving.

20. Trying to escape this attempt to kill him and fearing for his life, Mr.

Webb drove out of the parking lot.

21. Defendants Frein and Nissen both admitted that they fired multiple shots from their firearms into Mr. Webb's car.

22. Mr. Webb was struck with five bullets—two in his arm, one in his chest, and two in his abdomen.

23. At no time during the encounter did Mr. Webb pose a threat to Defendants or anyone else that could have justified Defendants' use of deadly force. Accordingly, Mr. Webb was not charged with any crime related to this incident.

24. On information and belief, Officer Frein used excessive deadly force against at least one civilian on a prior occasion and received no discipline from his superiors for his actions.

25. Defendants Frein and Nissen were acting in the scope of their employment as Waterloo police officers throughout their encounter with Jovan Webb on April 5, 2015, including but not limited to, when they chased, assaulted, and shot Mr. Mr. Webb.

26. Defendants Frein and Nissen were acting under color of law throughout their encounter with Jovan Webb on April 5, 2015, including but not limited to, when they chased, assaulted, and shot Mr. Webb.

27. Having been shot multiple times, Mr. Webb drove directly to the hospital, followed by Waterloo police officers, who immediately handcuffed him on his arrival at the hospital rather than help him receive medical attention for his five gunshot wounds. A member of the hospital staff saw Mr. Webb's condition and told

4

Case 6:17-cv-02001-CJW-MAR   Document 2   Filed 01/03/17   Page 4 of 10

the police officers that Mr. Webb needed medical attention.

28. Mr. Webb survived the encounter, but he suffered substantial injuries, including a collapsed lung, substantial pain and suffering and two bullets that remain lodged in his body.

### Count I—42 U.S.C. § 1983
### Excessive Force

29. Each paragraph of this Complaint is incorporated as if restated fully herein.

30. As described in this Complaint, the conduct of Defendants Frein and Nissen toward Plaintiff constituted excessive force in violation of the United States Constitution.

31. The misconduct described in this Count was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

32. The misconduct described in this Count was undertaken under the policy and practice of the City of Waterloo, such that Defendant City of Waterloo is also liable, in that:

    a. As a matter of both policy and practice, the City of Waterloo encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference. In fact, former Police Chief Daniel Trelka admitted that unlawful police conduct has been the result of deficiencies in training. Moreover, in 2016 alone, the Waterloo Police Department

5

has paid out $2.7 million to settle claims of police misconduct.

      b.    As a matter of both policy and practice, the City of Waterloo facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading Waterloo police officers to believe their actions will never be meaningfully scrutinized and, in that way, directly encouraging future abuses such as those Plaintiff complains of.

      c.    As examples, a lawsuit relating to a fatal police shooting by a Waterloo police officer alleges that the officer shot the victim from behind when the victim posed no threat, and that the police department did not take a statement from the officer and did not produce all evidence relating to the shooting. Without this information, Waterloo Police Department supervisors are unable to determine whether specific instances of use of force are reasonable. Moreover, press reports identify a pattern of excessive use of force and racist actions by Waterloo Police Department officers, including by Defendant Nissen. On one occasion, Defendant Nissen pointed a stun gun at a crowd of black residents before using it on an innocent black bystander. On another occasion, Defendant Nissen was filmed slamming a 17 year old face-first into a concrete sidewalk.

**33.** As a result of the City of Waterloo's policy and practice and the unjustified and unreasonable conduct of Defendants Frein and Nissen, Plaintiff has suffered injuries, including emotional distress.

## Count II – 42 U.S.C. § 1983
### Equal Protection

34. Each Paragraph of this Complaint is incorporated as if restated fully herein.

35. In the manner described in this Complaint, Defendants violated Plaintiff's constitutional rights, causing him damage by intentionally subjecting him to unlawful treatment on the basis of his race in violation of the United States Constitution.

36. Defendants' conduct created discriminatory effect by targeting him for police action based on his race.

37. Defendants also reached an agreement to deprive Plaintiff of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

39. Plaintiff's injuries were proximately caused by a policy and practice on the part of the City of Waterloo and the Waterloo Police Department as described herein. In this way, the City of Waterloo violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the constitutional violations identified in this Complaint.

## Count III – 42 U.S.C. § 1983
### Failure to Intervene

40. Each paragraph of this Complaint is incorporated as if restated fully

herein.

41. In the manner described herein, during the constitutional violations, one or more Unknown City of Waterloo Police Officers stood by without intervening to prevent the misconduct.

42. As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These officers had a reasonable opportunity to prevent this harm, but failed to do so.

43. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

44. The misconduct described in this Count was undertaken under Waterloo's policy and practice in the manner described in this Complaint.

### Count IV – State Law Claim–Battery

45. Each paragraph of this Complaint is incorporated as if restated fully herein.

46. As described above, the Defendants Frein and Nissen used force against Plaintiff, resulting in harmful or offensive contact.

47. In using force against Plaintiff, the Defendants Frein and Nissen intended to cause physical pain or injury, to be insulting, and/or to cause offensive contact.

48. The misconduct described in this Count was undertaken with malice,

willfulness, and reckless indifference to the rights of others.

49. As a proximate result of this misconduct, Plaintiff suffered severe physical pain and emotional distress, and anguish.

### Count V—State Law Claim
### *Respondeat Superior*

50. Each paragraph of this Complaint is incorporated as if restated fully herein.

51. In committing the acts alleged in the preceding paragraphs, each of the Defendants acted at all relevant times within the scope of his employment.

52. Defendant City of Waterloo is a principal liable for all torts committed by its agents.

### Count VI - Indemnification

53. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

54. Under Iowa law, public entities must pay any tort judgment for damages for which employees are liable within the scope of their employment activities. Iowa Code § 670.2.

55. During all times relevant to this complaint, Defendants Frein and Nissen were employees of the Waterloo Police Department, who acted within the scope of their employment in committing the acts described herein.

WHEREFORE, Plaintiff, JOVAN WEBB, respectfully requests that this

Court enter judgment in his favor and against Defendants, THOMAS FREIN, MARK NISSEN, UNKNOWN CITY OF WATERLOO POLICE OFFICERS, and CITY OF WATERLOO, awarding compensatory damages and attorneys' fees, as well as punitive damages against THOMAS FREIN, MARK NISSEN, and UNKNOWN CITY OF WATERLOO POLICE OFFICERS, and any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JOVAN WEBB, hereby demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED

By  /s/ Robert P. Montgomery
      *One of Plaintiff's Attorneys*

Robert P. Montgomery
Parrish Kruidenier
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
(515) 284-1704
robertmonty@gmail.com

Jon Loevy*
Arthur Loevy*
Mark Loevy-Reyes*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
(312) 243-5902
jon@loevy.com
arthur@loevy.com
mark@loevy.com

\* Motions to appear *pro hac vice* in this case on behalf of Jon Loevy, Arthur Loevy and Mark Loevy-Reyes shall be filed concurrently with this Complaint.