# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| JOVAN WEBB, | ) Case No. 17-CV-2001-CJW-MAR |
| Plaintiff, | ) |
| | ) Judge C.J. Williams |
| vs. | ) Magistrate Judge Mark A. Roberts |
| | ) |
| CITY OF WATERLOO, *et. al.* | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 16 TO BAR ALL EVIDENCE OF INVESTIGATIONS AND PROSECUTION DECISIONS REGARDING DEFENDANT NISSEN'S USE OF FORCE**

Plaintiff Jovan Webb, by and through his attorneys, Loevy & Loevy, respectfully requests an order *in limine* barring all references to the Iowa Department of Criminal Investigation ("DCI") investigation, the Waterloo Police Department's Internal Affairs Division ("IAD") investigation, and absence of criminal charges against Defendant Nissen. In support, Plaintiff states:

**Introduction**

After Defendant Nissen shot Jovan Webb by Defendant Nissen, DCI conducted an investigation into the incident. DCI determined that the shooting was justified and the local prosecutor decided not to bring criminal charges against Defendant Nissen. The Police Department's own IAD also conducted an investigation and, similarly, determined that the shooting was justified. Defendants have listed the investigations determinations as proposed exhibits in disclosures tendered on February 12, 2020. But the facts of these investigations and their

results should be excluded at trial.

For one, they are completely irrelevant to the issues to be decided by the jury in this case. That Defendant Nissen was found justified for using force by two law enforcement agencies, one of whom is a department of one of the Defendants, based on after-acquired information is likely to confuse the issues at trial and impose undue prejudice on Plaintiff. Accordingly, such evidence is inadmissible and should be excluded.

The risk of unfair prejudice here is substantially greater because the DCI and IAD investigations were based on excluding relevant evidence and were biased to conclude that the shooting was justified. Should evidence of those investigations be allowed, Plaintiff will seek to introduce evidence of that bias.

**A. Evidence of the Investigations and their Results are Irrelevant**

Both the fact that there were investigations and their findings are irrelevant to the constitutional question to be tried. Similarly, the decision by prosecutors not to charge Defendant Nissen for shooting Plaintiff is irrelevant.

*First*, the constitutional determination is focused on what the officer knew at the time. *See Saucier v. Katz,* 533 U.S. 194, 207 (2001); *Graham v. Connor*, 490 U.S. 386, 397 (U.S. 1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *Billingsley v. City of Omaha*, 277 F.3d 990, 993 (8th Cir. 2002) ("reasonableness of force is judged from the perspective of the officer on the scene, taking into consideration the facts known to him, as opposed to one possessing the illuminating power of hindsight"). The fact that there was a

2

post-shooting investigation does not fall into this category; nor does the result of that investigation.

*Second*, the outcome of an investigation is not relevant to the issue of the reasonableness of the use of force, in particular deadly force. *See Burnikel v. Fong*, 2018 WL 8460176, *4 (S.D. Iowa Nov. 7, 2018) (barring evidence of use of force investigation); *Bonds v. Dautovic*, 725 F.Supp.2d 841, 847 (S.D. Iowa 2010) (findings of use of force investigation are not relevant to constitutional claim).

Third, the decision by a local prosecutor to prosecute or not is a determination left to the discretion of the elected prosecutor, and a reflection of a particular district attorney's decision- making calculus, not necessarily a determination about whether the officer committed any wrongdoing at all. *Cf. Cheney v. U.S. Dist. Court for Dist. Of Coumbia,* 542 U.S. 367, 386 (2004) ("The decision to prosecute a criminal case, for example, is made by a publicly accountable prosecutor subject to budgetary considerations and under an ethical obligation, not only to win and zealously to advocate for his client but also to serve the cause of justice. The rigors of the penal system are also mitigated by the responsible exercise of prosecutorial discretion."). Moreover, the non-prosecution of Defendant Nissen is something that Plaintiff was never able to meaningfully challenge. *See Heckler v. Chaney*, 470 U.S. 821 (1985) (holding decision to prosecute or not prosecute is ordinarily unreviewable).

Fourth, the investigation and non-prosecution of Defendant Nissen is irrelevant for a further reason. The jury here will be asked whether Defendant

Nissen violated Plaintiff's rights by using deadly force that was unreasonable. *Tennessee v. Garner, 471 U.S. 1, 3 (1985)* (it "is objectively unreasonable to use deadly force 'unless it is necessary to prevent [a suspect's] escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.'") (citation omitted); *Ellison v. Lesher*, 796 F.3d 910, 917 (8th Cir. 2015) (use of deadly force is reasonable only if the person "pose[d] a significant threat of death or serious physical injury to the officer or others.") (quotation omitted). The deadly-force inquiry is further confined to whether an officer or another person was in danger *at the moment* of the use of deadly force. *See Ludwig v. Anderson*, 54 F.3d 465, 471 (8th Cir. 1995) ("in determining the issue of Fourth Amendment reasonableness, the district court should scrutinize only the seizure or seizures themselves, not the events leading to them."); *Schulz v Long*, 44 F.3d 643, 648-49 (8th Cir. 1995) ("the reasonableness inquiry extends only to those facts known to the officer at the precise moment the officers effectuate the seizure.").

By contrast, the decision not to prosecute Defendant Nissen involved a more substantial question: whether DCI and the prosecutor believed that Nissen did not just violate Plaintiff's constitutional rights but whether he committed a *crime* and one that would ultimately have to be proven beyond a reasonable doubt. The fact that the prosecutor did not find that Defendant Nissen committed a serious felony says nothing about whether his actions nonetheless were improper on a much lower standard of review. To allow the jury to hear evidence of an entirely different

4

inquiry, and at a much higher level, is plainly inadmissible, because it would invite the jury to resolve the case on an improper basis: namely, that because Defendant Nissen was not criminally charged, he did not do anything wrong or violate Plaintiff's rights at all. This would plainly violate Rule 403 because it would unfairly prejudice Plaintiff. *See* FED. R. EVID. 403, Committee Notes ([u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis").

**B. Evidence of Investigations and Non-prosecution Is Routinely Excluded Under Rules 401, and 403**

Evidence of underlying investigations, non-prosecution, and even a prosecution followed by an acquittal should be excluded both as irrelevant and highly prejudicial. *See, e.g., Painter v. Suire*, 650 F. App'x 219, 225 (5th Cir. 2016) (holding that the district court properly excluded "referencing the results of [the plaintiff's] criminal trial," where the Plaintiff was acquitted on the basis that it would have "risked jury confusion" that was "properly avoided . … by excluding such discussion" (citing FED. R. EVID. 401, 403); *Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir.2003) ("It was not an abuse of discretion for the court to grant the officers' motion *in limine* to bar ... the disposition of the underlying criminal charges, because these were not facts within the officers' knowledge at the time of the arrest ...."); *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990) ("[T]he mere fact that [plaintiff] was acquitted of the crime for which he was initially arrested does not lead to section 1983 liability for the arresting officer."); *see also Burnikel*, 2018 WL 8460176, at *4; *Bonds*, 725 F.Supp.2d 841at 847.

5

Unsurprisingly, a number of federal courts of appeals have endorsed this principle specifically within the context of non-prosecution, holding: "As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." *Goffstein v. State Farm Fire & Casualty Co.*, 764 F.2d 522, 524 (8th Cir.1985) (citation omitted); *see also Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247 (6th Cir. 1987) (adopting and relying on *Goffstein* and other authorities); *American Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985). The Third Circuit's *American Home* decision, explains the matter well:

> The evidence of non-prosecution is of very limited probative value in showing that there was no arson because of the higher burden of persuasion in a criminal case. Cf. E. Cleary, McCormick on Evidence 895 (3d ed. 1984). Further, prosecutorial discretion may take into account many other factors not relevant in a civil suit. At best, the evidence of non-prosecution is evidence of an opinion by the prosecutor. The opinion of a layperson, as the prosecutor was in this case, however, is inadmissible if it [is] based on knowledge outside the individual's personal experience. Fed.R.Evid. 602, 701.
>
> ...
>
> The inadmissibility of evidence of non-prosecution also comports with the general rule that evidence of an acquittal in a criminal arson case is inadmissible in a civil arson case.

753 F.2d at 325. The same rationale is applicable here.

## Conclusion

WHEREFORE, Plaintiff respectfully requests an order from this Court barring arguments, mention, or reference to the fact that there were any investigations at all; that Defendant Nissen was not criminally prosecuted for shooting Plaintiff; and by preventing all witnesses, including Defendants' experts, from referencing the of the investigations or their outcomes.

/s/ Mark Loevy-Reyes
Attorneys for Plaintiff

Robert Montgomery
Parrish Kruidenier
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
(515) 284-1704
robertpmonty@gmail.com

Arthur Loevy
Jon Loevy
Mark Loevy-Reyes
Sarah Grady*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
mark@loevy.com

## CERTIFICATE OF SERVICE

I, <u>Mark Loevy-Reyes</u>, an attorney, hereby certify that February 14, 2020, I electronically filed the foregoing Plaintiff's Motion *in Limine* No. 16 to Bar all Evidence of Investigations and Prosecution Decisions Regarding Defendant Nissen's Use Of Force using the CM/ECF system, which will send notification of such filing to all parties.

<u>/s/ Mark Loevy-Reyes</u>
*One of Plaintiff's Attorneys*