# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| JOVAN WEBB, | ) Case No. 17-CV-2001-CJW-MAR |
| Plaintiff, | ) |
| vs. | ) Judge C.J. Williams |
| | ) Magistrate Judge Mark A. Roberts |
| CITY OF WATERLOO, *et. al.* | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MUNICIPAL LIABILITY WITNESSES

Plaintiff Jovan Webb, by and through his attorneys, Loevy & Loevy, respectfully responds in opposition to Defendants' objections to the testimony of seven of Plaintiff's 18 municipal liability witnesses as follows:

## BACKGROUND

Plaintiff brings claims against Defendant City of Waterloo for its failure to supervise Defendant Nissen in the Waterloo Police Department ("WPD"). Doc. 1. On December 12, 2019, the Court entered an order denying the City of Waterloo's motion for summary judgment, determining that Plaintiff would need to provide evidence at trial of prior claims that Defendant Nissen engaged in excessive force and that the City of Waterloo did not address those claims. Doc. 102 at 37-42.

Plaintiff has identified 18 victims who also suffered a use of excessive force by Defendant Nissen as potential witnesses in his witness list in the Final Pretrial Order. Plaintiff first tendered the list of municipal liability witness to Defendants on February 12, 2020. Of those 18 citizens, Defendants have objected to the

testimony of seven witnesses because they claim Plaintiff did not identify those witnesses in his disclosures under Federal Rule of Civil Procedure 26.

Defendants' own Rule 26 disclosures, however, support that these witnesses were sufficiently identified as witnesses at trial—Defendants identified as potential trial witnesses: "All individuals identified during discovery." *See* Exhibit A at ¶29. The seven disputed witnesses fit in that category.

The seven third-party witnesses were identified by name in complaint documents produced by Defendants in discovery and were the subjects of deposition testimony by multiple witnesses from WPD. Both the identity and the subject of the seven witnesses' testimony were, therefore, well known to Defendants—they will testify both about Defendant Nissen's excessive use of force against them, and about the lack of any investigation interviews in complaints made by them to WPD. Indeed, the City of Waterloo (through employees of WPD) has had the complaints from these witnesses and, therefore, had access to the information that is the subject of the testimony that they will give at trial—the use of excessive force they experienced from Defendant Nissen.

Because the seven disputed witnesses were properly identified during discovery in this case, and because in any event Defendants

Plaintiff intends to examine Defendant Nissen and Defendant City of Waterloo's witnesses about the facts of these citizens' complaints and the manner of investigation. Should Defendant Nissen admit the use of excessive force *and* the City of Waterloo admit that these witnesses were not interviewed about their

2

complaints, then the seven victims' testimony will not be needed at trial. If, however, either Defendant Nissen *or* the City of Waterloo deny either of the above, Plaintiff intends to call these seven witnesses to impeach Defendants' witnesses.

**ARGUMENT**

The seven witnesses that are in dispute should be allowed to testify at trial. First, Defendants' own disclosures under Federal Rule of Civil Procedure 26 countenance that witnesses identified during discovery are properly called as witnesses at trial. Second, there is no unfair surprise for these witnesses to be allowed to testify. Third, even if the witnesses could be barred, these witnesses will be called for impeachment and/or rebuttal purposes so that the disclosure rules do not apply.

**A.    Defendants Incorporated the Disputed Witnesses in their Disclosures**

Defendants expressly included all witnesses who were identified by the parties as being disclosed for purposes of Federal Rule of Civil Procedure 26. *See* Exhibit A at ¶29. The seven disputed witnesses were identified in documents produced during discovery by Defendants as being complainants of Defendant Nissen's use of excessive force. Moreover, the seven witnesses were also the subjects of testimony by one or more witnesses produced by Defendant City of Waterloo. Accordingly, by Defendants' own disclosures, the witnesses were properly included in the Final Pretrial Order.

In fact, the 1993 Advisory Committee Notes to Federal Rule of Civil Procedure 26, suggests that the identification of a new witness from documents or in a deposition is precisely the kind of notice that Rule 26(e) anticipates will relieve

3

a party of the duty to file supplemental disclosures. ("There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . ."); *see also*, *S.E.C. v. Das*, No. 8:10CV102, 2012 WL 425182, at *2 (D. Neb. Feb. 8, 2012). The Federal Rules of Civil Procedure and Defendants' own disclosures, therefore, support that the seven witnesses are properly identified on the proposed Final Pretrial Order and should be allowed to testify at trial.

**B.     There is no Unfair Prejudice to Defendants by Allowing the Seven Witnesses to Testify at Trial**

Even if the Court finds that the seven disputed witnesses were not properly identified, their testimony is still admissible because there is no unfair prejudice to Defendants. When a party fails to disclose a witness properly, the court "may exclude the ... testimony ... unless the party's failure to comply is substantially justified or harmless." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir.2008). In making this determination, courts should consider, among other things, "the reason for noncompliance, the surprise and prejudice to the opposing party," the nature of the testimony and the severity of the sanction. *Id.*; *see also Rodrick v. Wal–Mart Stores East, L.P.*, 666 F.3d 1093, 1096–97 (8th Cir.2012) "'[T]he exclusion of evidence is a harsh penalty and should be used sparingly.'" *Id.* (quoting *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir.1995)).

The limitation on when a witness may be excluded is premised on the severity of barring evidence. *See Wegener*, 527 F.3d at 692 (noting "the district

4

court's discretion narrows as the severity of the sanction or remedy it elects increases"); *see also ELCA*, 53 F.3d at 190 ("Exclusion of evidence is a harsh penalty, and should be used sparingly."); *Bonds v. Dist. of Columbia*, 93 F.3d 801, 809 (D.C.Cir.1996) ("a discovery sanction that results in a one-sided trial ... is a severe one" and before imposing such a sanction, "the district court should consider a less drastic sanction").

The above factors weigh in favor of allowing the testimony. There is little surprise or prejudice to Defendants. Defendants' own disclosures countenance the inclusion of witnesses who were identified in discovery, and the evidence demonstrates that Defendants had both the opportunity to speak with these witnesses in advance of trial and in fact *did* speak with them about the testimony they will give at trial.

In addition, the subject matter of the testimony is within Defendants' own discovery—the complaints and related materials identifying these witnesses were produced by Defendants, Defendant City of Waterloo's own employees testified about the proposed witnesses, and Defendant Nissen has personal knowledge about his interactions with each of the witnesses.

Finally, Plaintiff's first inclusion of these witnesses in the proposed Final Pretrial Order came after the Court's determination about the proof needed for Plaintiff to establish his claim against Defendant City of Waterloo. Doc. 102 at 37-42. Plaintiff first identified these witnesses to Defendants in his proposed witness

list on February 12, 2020. In short, there was no bad faith in Plaintiff's identification of the witnesses.

Given the lack of bad faith and lack of surprise to Defendants, the witnesses should be allowed to testify. *See Jenkins v. Medical Laboratories of Eastern Iowa, Inc.*, 880 F.Supp.2d 946, 956 (N.D. Iowa 2012) *aff'd*, 505 F. App'x 610 (8th Cir. 2013) (considering a witness at summary judgment because the disclosure was not made in bad faith and because it posed little risk of prejudice because the witness had been identified during three depositions). *See also*, *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir.2004); *United States v. Haley*, 562 F. Supp. 2d 1017, 1030-31 (N.D. Iowa 2008) (finding a lack of unfair surprise when witnesses were known in advance despite the lack of Rule 26 disclosure). Because the circumstances of the disclosures here do not include bad faith or unfair surprise, this Court should allow the seven witnesses to testify.

**C.    The Seven Disputed Witnesses are Impeachment Witnesses who were not Required to be Disclosed**

As stated above, Plaintiff intends to call Defendants as witnesses to examine them about Defendant Nissen's prior use of excessive force against various citizens and about WPD's investigation of complaints related to those uses of excessive force. Should Defendants admit their actions in engaging in excessive force and/or failing to adequately investigate complaints about Nissen's misconduct, Plaintiff does not intend to call the seven disputed witnesses at trial. If, however, Defendant Nissen or Defendant City of Waterloo's witnesses deny any of the misconduct, Plaintiff intends to call the seven witnesses to impeach that prior testimony.

6

The Rules do not require that Plaintiff provide disclosures to Defendants of impeachment witnesses either during the discovery or pretrial stages. FED. R. CIV. P. 26. Accordingly, Defendants' objections to the seven disputed witnesses on that basis should be overruled.

## CONCLUSION

Defendants' objection to Plaintiff's seven witnesses should be overruled. First, those witnesses were properly identified during discovery. Second, even if they were not, the disclosures in the Final Pretrial Order were substantially justified and would not result in unfair surprise. Finally, the seven witnesses will be called as impeachment witnesses so they were never subject to the disclosure rules.

WHEREFORE, Plaintiff asks for an order overruling Defendants' objections to Plaintiff's proposed witnesses in support of his claims of municipal liability against Defendant City of Waterloo.

Respectfully submitted,

/s/ Mark Loevy-Reyes
Attorneys for Plaintiff

Robert Montgomery
Parrish Kruidenier
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
(515) 284-1704
robertpmonty@gmail.com

Arthur Loevy
Jon Loevy
Mark Loevy-Reyes
Sarah Grady
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
mark@loevy.com

**CERTIFICATE OF SERVICE**

I, Mark Loevy-Reyes, an attorney, hereby certify that March 3, 2020, I electronically filed the foregoing Plaintiff's Opposition to Defendants' Objections to Plaintiff's Municipal Liability Witnesses using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Mark Loevy-Reyes
*One of Plaintiff's Attorneys*